[L. A. No. 3332.   Department Two.—August 19, 1914.]

## JOHN LAPIQUE, Appellant, v. E. R. PLUMMER, Respondent.

ESTATE OF DECEASED PERSON—DISTRIBUTION OF MERE CLAIM FOR MONEY DOES NOT OPERATE AS JUDGMENT.—A decree distributing to an heir or legatee, as part of the estate of a deceased person, a mere claim for money against a third person, does not operate as a judgment against such person for the money claimed, and cannot be sued on as such.

ID.—ACTION BROUGHT ON WRONG THEORY—FRIVOLOUS APPEAL—DAMAGES.—The holder of such a claim, who brought an action to enforce it on the theory that the decree of distribution had such effect, and, after the trial court had carefully explained to him the erroneous nature of his theory, who persisted in prosecuting an appeal from a judgment of nonsuit rendered against him, will be punished by the imposition of damages for taking a frivolous appeal. This will be done, although the claimant was a layman, and conducted the litigation *in propria persona*.

ID.—UNAUTHORIZED ATTACHMENT—DISCHARGE WITHOUT INJURY.—An appellant is not injured by the action of the trial court in ordering the discharge of an attachment after it had lost jurisdiction of the action by reason of the taking of an appeal, if the attachment was confessedly improperly issued.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order discharging an attachment.   H. C. Gesford, Judge presiding.

The facts are stated in the opinion of the court.

John Lapique, *in pro. per.*, for Appellant.

Shirley E. Meserve, and J. D. Taggart, for Respondent.

MELVIN, J.—Plaintiff brought this suit and in his complaint alleged that he was the assignee of a judgment rendered on the twenty-fifth day of January, 1911, by the superior court in favor of Dolores U. de Marquez against Eugene R. Plummer for the sum of three thousand seven hundred dollars.   His proof showed that to his said assignor had been distributed, as a part of the estate of Manuel Marquez, a claim against said Plummer for three thousand seven

hundred dollars, and this claim had been assigned by her to plaintiff. There was no showing and no attempt to show that the claim had been reduced to a judgment. Indeed it was the theory of the plaintiff that the decree of distribution itself operated as a money judgment against Plummer and in favor of Mrs. de Marquez. Defendant moved for a nonsuit at the conclusion of the testimony on behalf of plaintiff. The motion was granted and from the judgment, as well as from an order discharging an attachment, plaintiff appeals.

The learned judge of the superior court who presided at the trial, carefully, courteously, and repeatedly explained to the plaintiff that a mere claim distributed to an heir or legatee in a probate proceeding was not a judgment for the money or property mentioned therein. Realizing that the plaintiff was not a lawyer, the learned judge took great pains to demonstrate that the theory which plaintiff had adopted was absolutely a false one. A few brief quotations from the record will serve to illustrate how thoroughly he analyzed the matter so that the most untrained and immature mind might easily have grasped the true situation. He said: ''The superior court of this county, acting in the exercise of its jurisdiction as a probate court, has settled and distributed this estate, and in the distribution of that estate it has decreed— not that there is anything due from Mr. Plummer to this distributee, not a dollar, but has decreed that that claim that the estate has urged, and which has been inventoried possibly against this party, is distributed to the distributee. There is the distinction. Not that any claim has been adjudged to be a valid and existing claim against Mr. Plummer, but it has been adjudged that that claim be distributed to this party, so that the party may take such proceedings afterwards as she sees fit, to reduce that claim to a judgment; because, if it was a judgment, all you would have to do in this court would be simply to introduce the judgment-roll and that would end it, and then it would be upon the other side to attack it for lack of jurisdiction or fraud, or on some other ground.'' The plaintiff stoutly insisted that the decree of distribution was a judgment and the court replied: ''It is a judgment, but you want to make it a judgment for property that the law does not permit. It is a judgment decreeing that whatever that claim is against Mr. Plummer belongs to this distributee rather than to John Doe or Richard Roe or

anybody else. If this distributee brought suit to reduce that claim to a judgment, you would have to introduce the decree to show that the probate court adjudged that that was a claim, whatever it amounted to—it may be worth one dollar or five or thirty-seven hundred after it had been threshed out before a jury.'' In granting the motion for nonsuit this language was used by the court: ''You have simply brought suit upon a wrong theory of the case. Mr. Plummer never had any day in court to contest that claim. He was not a party to that probate proceeding; never had any opportunity in any way to show any defense to that claim, either on the merits or otherwise, and there never has been a judgment in this case on which you could sue. Motion for a nonsuit granted.''

In spite of the court's careful explanation of these elementary matters the plaintiff has taken this most frivolous appeal from the judgment. It is unfair to litigants prosecuting appeals in good faith to have our time and a place on the calendar taken up by such an appeal based on a theory so absurd as that which appellant affects to entertain. We are not unmindful of the fact that the plaintiff is a layman, but we cannot think that he believes, in good faith, that he is the owner of a *judgment* against Plummer on which he has sued in this case.

It is unnecessary to consider at length the appeal from the order discharging the attachment. It is asserted by appellant that the court was without jurisdiction to make the order because he had perfected his appeal. But it is really immaterial whether the court acted with or without jurisdiction. On appellant's own showing this was not a case in which an attachment ever was properly issued, as its facts did not bring it within the provisions of section 537 of the Code of Civil Procedure. He cannot be injured, therefore, because he is deprived of something to which he never was entitled.

The judgment and order are affirmed and as it appears to us that the appeals are frivolous and were made for delay we direct that damages in the sum of one hundred dollars be added to the costs of appeal.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.